[L. A. No. 833. Department Two. — October 12, 1901.]

GREGORY PERKINS, JR., Assignee of Charles F. Kuhl, an Insolvent Debtor, Respondent, v. MAIER & ZOBELEIN BREWERY, Appellant.

INSOLVENCY — ACTION BY ASSIGNEE — INSUFFICIENT DEFENSE — CONDITIONAL TENDER. — In an action by the assignee of an insolvent debtor to recover personal property transferred to the defendant in violation of the insolvent law, an answer pleading a tender of possession of the property, coupled with the conditions that if the court shall finally determine that defendant was the owner, defendant would hold plaintiff responsible in damages, and that defendant did not by the tender waive his claim of ownership, presents no defense.

ID. — CONSTRUCTION OF INSOLVENT LAW — SURRENDER BY PREFERRED CREDITOR — CLAIMS TO DIVIDENDS. — Section 50 of the Insolvent Law of 1895, relating to a surrender of the possession of property by a preferred creditor, refers only to the proof of claims against the estate, and the right of such creditor to dividends therefrom, and has no reference to the pleadings or defenses in an action.

ID. — OWNERSHIP BY INSOLVENT — CONDITIONAL SALE — CONFLICTING EVIDENCE — SUPPORT OF FINDING. — A finding that the insolvent was the absolute owner of the property in controversy is sustained by evidence tending to prove the same, notwithstanding conflicting evidence of an oral bargain for a conditional sale of the property to

him by the defendant, leaving the title thereto in the defendant while the purchase-money remained unpaid.

ID. — REMEDIES OF ASSIGNEE — REPLEVIN — DETINUE — TROVER. — Under the provisions of the Insolvent Act of 1895, the assignee has the same choice of remedies as a private individual. He may sue for the property of the insolvent, or its value in case a delivery cannot be had, with damages for its detention, in an action of replevin or detinue, or may sue in trover to recover the value thereof only, in case of a wrongful conversion by the defendant.

ID. — CONVERSION, HOW CONSTITUTED. — Conversion of the property does not necessarily imply that the defendant has destroyed or changed or transferred the property; but it takes place when the party charged takes the property, and claims and uses it as his own, and refuses to deliver it to the owner on demand.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. W. H. Clark, Judge.

The facts are stated in the opinion of the court.

J. T. Houx, for Appellant.

E. T. Dunning, for Respondent.

McFARLAND, J.— Action by assignee in insolvency to recover the value of certain personal property, consisting of wines, liquors, cigars, saloon fixtures, etc., alleged to have been the property of the insolvent, Kuhl, and to have been transferred by him, in violation of the insolvent law, to defendant, a few days before Kuhl filed his voluntary petition in insolvency. Judgment went for plaintiff in the court below, and defendant appealed from the judgment and from an order denying a new trial.

The appellant seeks a reversal on three grounds. The first point is, that the court erred in sustaining a demurrer to the "further answer and defense, and by way of supplemental answer," set up in paragraph 8 of the answer. In this part of the answer it is averred that on October 9, 1897, which was more than two months after the commencement of the action, defendant "tendered, in writing, the possession of the property mentioned in the complaint, with the right to transfer and convey the same," upon certain conditions mentioned in the answer as part of the tender. Appellant seems to rely for this point on section 50 of the Insolvent Law of 1895. That sec-

tion, however, has no reference to pleadings or defenses in an action, but refers to the proof of claims against the estate and the right to dividends; and it merely provides that one who has accepted any preference shall not be allowed to prove his claim or recover any dividend "until he shall have surrendered to the assignee all property, money, benefit, or advantage received by him under such preference." But neither under that section, nor under the general law about pleadings, would this part of the answer be of any avail; for the alleged tender is coupled with the conditions, that "in the event that the court shall finally determine that the defendant was and is the owner, and at all times mentioned in such complaint had been the owner, this defendant would hold plaintiff for such damages as it might suffer by reason of any transfer by said plaintiff, and further notified plaintiff, as a part of said tender, that this defendant did not waive, by such tender of possession and right of transfer, defendant's claim of ownership of said property." There is no legal significance whatever in averring this curious sort of offer, and calling it a "tender" or "surrender"; no defense was thereby presented, and the demurrer was properly sustained.

2. The contention that there was no evidence to sustain the finding that Kuhl was the owner of the property, and that the court should have found that appellant was such owner, cannot be sustained. Kuhl had conducted the saloon in his own name, and under a license issued to him, for more than two years before the transfer; and although there was some verbal testimony—no written contract—that appellant had, two years before, made merely a conditional sale of the property to Kuhl, and that the title was to remain in appellant until Kuhl paid the purchase-money, which he had not done, still there was sufficient other evidence to warrant the court in finding that Kuhl was the absolute owner.

3. Appellant contends for reversal on the ground that there could be no judgment for the value of the property without an averment and finding that a redelivery of the same could not be had. This contention is based on subdivision 9 of section 25 of the Insolvent Law of 1895, which gives power to the assignee "to have and recover" any property from the person who had received it through a transfer, etc., made contrary to the provisions of the act; "or in a case a redelivery cannot be had, to recover the value thereof, with damages for the deten-

tion." It is contended that this section only gives to the assignee the power to commence an action in the nature of replevin or detinue; but section 59 of the act provides that when any transfer of property has been made contrary to the provisions of the act, "the assignee, or receiver, may recover the property, *or the value thereof*, as assets of such insolvent debtor." These provisions, taken together, put the assignee, so far as remedy is concerned, in the same position as that of any other person who is grieved by the wrongful taking of his personal property. If he prefers recovering the specific property to damages for a conversion, he may bring an action which would have been, at common law, detinue or replevin, and is, under our system, generally called "claim and delivery"; or if he prefers it, his action may be to recover damages for conversion, which, at common law, was trover. And this latter is the form of action in the case at bar. It is true that it is unnecessarily stated in one part of the complaint that defendant retains possession of the property; but that does not change the character of the action. Conversion of property to his own use does not necessarily mean that the defendant destroyed it, or ate it, or in any way changed its form, or transferred it to another; it occurs when the party charged takes the property and claims and uses it as his own, and refuses to deliver it to the owner on the latter's demand, — as in the case as bar. The action was therefore properly brought, and the judgment was properly entered for damages for conversion.

The judgment and order appealed from are affirmed.

Beatty, C. J., and Henshaw, J., concurred.